UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RAHSAAN RASHAAD GODFREY, ) | |
| ) | |
| Plaintiff, ) | Cause No.: |
| ) | |
| vs. ) | **JURY TRIAL REQUESTED** |
| ) | |
| CLAYCO INC., ) | |
| ) | |
| Defendant. ) | |

COMPLAINT

COMES NOW, Plaintiff Rahsaan Rashaad Godfrey, by and through his undersigned counsel, and for his Complaint and causes of action against Clayco Construction Co., states and alleges as follows:

JURISDICTION AND VENUE

1. Plaintiff Rahsaan Rashaad Godfrey (hereinafter referred to as "Plaintiff") brings this action against Defendant Clayco Inc., (hereinafter referred to as "Defendant") for their violations of Plaintiff's rights under the Constitution and laws of the United States of America.

2. This is an action for unlawful discrimination by retaliation and based on race and harassment brought under and pursuant to Title VII of the Civil Rights Act 42 U.S.C. §1981, unlawful discrimination by retaliation and based on race and harassment brought under Chapter 213 of the Missouri Revised Statutes (hereinafter referred to as "R.S.Mo.").

3. On or about June 27, 2019 Plaintiff was deemed to have filed his Charges of Discrimination with both the Missouri Commission on Human Rights (hereinafter referred to as "MCHR") and the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), complaining of the acts of discrimination based on race, retaliation and harassment as alleged herein.

4. Plaintiff received his Notice of Right to Sue from the EEOC on or about April 14, 2020. See attached Notice of Right to Sue attached hereto, incorporated by reference herein and marked as Exhibit 1.

5. Accordingly, Plaintiff has fully complied with all prerequisites to jurisdiction of this Court under Title VII, 42 U.S.C. §2000 et seq., and the Missouri Human Rights Act, §213 R.S.Mo. (1994) et seq.

6. The discriminatory action of Defendant occurred in the City and County of St. Louis, State of Missouri.

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 for Plaintiff's claims under Title VII, 42 U.S.C. §1981 relative to discrimination based on race, harassment, retaliation and more specifically this is a federal question of law. Supplemental jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1367(a) for the Chapter 213 R.S.Mo. claims and the common law wrongful termination claim.

8. Venue is proper in this District pursuant to 28 U.S.C §1391(b)(2) in that Defendant's unlawful employment practices and misconduct were committed in the City and County of St. Louis, State of Missouri.

9. Plaintiff requests a trial by jury on all issues triable to a jury.

## PARTIES

10. Plaintiff Rahsaan Rashaad Godfrey, was at all times relevant to this action a citizen and resident of the City of Belleville, State of Illinois, and was continuously employed by Defendant from on or about the summer of 2013 through December 31, 2018.

11. At all times relevant to this action, Defendant was a corporation, located in St. Louis City, Missouri and is an employer within the meaning of Title VII.

12. All of Defendant's conduct, acts and omissions were performed by its agents, representatives and employees while in the course and scope of their agency employment.

FACTS COMMON TO ALL COUNTS

13. Plaintiff was employed by Defendant in the position of a Laborer beginning in the summer of 2013.

14. In August of 2017, Supervisor Jimmy Kisner (White) began to harass Plaintiff and question his performance.

15. Prior to August of 2017, Plaintiff had not been disciplined or issued any performance discussions.

16. During the period from August of 2017 through April of 2018 Plaintiff worked under Mr. Kisner at the Defendant's Pfizer worksite in Chesterfield, MO.  At that time, Mr. Kisner, without cause began to harass Plaintiff by limiting his duties, not providing him with assistance when required by OSHA and practices, denying him overtime, by taking away Saturdays, no overtime provided and denying him the same flexible leave opportunities that were provided to other employees.

17. Eventually, Plaintiff was laid off of the Pfizer site when Mr. Kisner did a "walk-by" telling him to contact Riding Boss Kevin Schultze.  Mr. Schultze's job was to send employees to jobs.  Plaintiff did as instructed and Mr. Schultze informed him that he did not have work for Plaintiff and that he would work on it.

18. Mr. Kisner violated policy as he should have informed Plaintiff why he was being laid off from the Pfizer site, as Plaintiff had not received any discipline, counseling or negative performance evaluations.

19. Thereafter, in April of 2018, Plaintiff called Supervisor John Lloyd Scott (White) who was over the Centene worksite. Mr. Scott said that he could use Plaintiff and that Mr. Kisner was not at that site. The next day, Mr. Scott informed Plaintiff that he received calls from Mr. Kisner and another manager stating that he should not have hired Plaintiff. Mr. Scott stated that he knew Plaintiff's work and was more than comfortable with Plaintiff working on his site.

20. From April of 2018 through May of 2018 Plaintiff worked at the Centene site with no incidents, no harassment and the ability to work overtime.

21. From June 1, 2018 through June 4, 2018, while on vacation Plaintiff received an Instagram message from co-worker Malcolm Frazier. While reviewing Mr. Frazier's Instagram page Plaintiff noticed that Mr. Kisner had posted comments. One of the comments by Mr. Kisner read "can't wait to watch Big Fella". The next day, Mr. Kisner posted that "Big Fella better pray because I'm coming to Centene on June 18, 2018.".

22. When Plaintiff returned to the Centene worksite he presented the Instagram messages to Mr. Scott. Mr. Scott took the messages and told him he had nothing to worry about.

23. Several days prior to June 18, 2018, Superintendent John Elizarraras (Mexican) approached Plaintiff on the Centene site. Mr. Elizarraras was at the Pfizer site with Mr. Kisner. On this date, Mr. Elizarraras upon his arrival at Centene walked up to Plaintiff and poked him in the chest in front of his co-workers. Mr. Elizarraras proceeded to tell Plaintiff that he better not "bad mouth" Mr. Kisner to any other Laborer or any other employee. Mr. Elizarraras also told Plaintiff that if he heard that he had bad mouthed Mr. Kisner then he would be terminated because no one was higher than him (Mr. Elizarraras). Mr. Elizarraras also threatened that he would "beat [Plaintiff's] big ass". Finally, Mr. Elizarraras told Plaintiff that Mr. Kisner would

4

be working outside on the project and he would be working inside and thus, we should have no contact.

24. However, almost instantly, Mr. Kisner began to follow Plaintiff on site, limit the amount of assistance he received with certain assignments and berated him in front of co-workers.  For instance Mr. Kisner would stare at Plaintiff when he took out trash, he would stare at Plaintiff when he parked.

25. Following this period of harassment, in July of 2018 Mr. Elizarraras informed Plaintiff that Mr. Scott and Mr. Kisner would switch, meaning that Mr. Kisner would now be supervising Plaintiff.  Again, at this time, management was aware of Mr. Kisner's disdain for Plaintiff.  Again, Mr. Kisner began denying Plaintiff overtime, no assistance when needed despite OSHA rules and policy, not allowed flexible leave, forced to bring doctor's statements to work, despite it not be required and as well as being followed by Mr. Kisner and other employees.  Eventually, the harassment by Mr. Kisner led to Plaintiff being laid off for a short period.

26. Thereafter, from August of 2018 through September of 2018 Plaintiff was called to work at the Enterprise Center under Foreman Tim Cera.  During that period of employment there were no issues or performance problems.

27. Following, in late September of 2018 Plaintiff was called to work on the SKF cite with no issues until he was laid off in November of 2018 for a short period.

28. Plaintiff returned to work in November of 2018 at the site on West Pine and Kingshighway under foreman Ron Hummel.  There were no performance issues or disciplinary actions taken against Plaintiff.

29. On December 31, 2018, Mr. Hummel called and told Plaintiff not to return as he was being replaced by Mr. Scott and he was replacing him. Plaintiff was told to contact Mr. Schultze. Mr. Schultze informed Plaintiff that he would try to find him work; however, to this date Plaintiff has not been returned to a Clayco job.

30. Plaintiff was not provided any rationale for being terminated nor was he given any opportunity to appeal or discuss the matter.

31. Defendant's behavior in fact damaged Plaintiff and Defendant's behavior was willful and wanton and such actions constitute the requisite acts to support and justify punitive damages.

32. Defendant acted with malice or reckless indifference to federal laws, and it made no good faith effort to comply with federal law. Such actions constitute the requisite acts to support and justify punitive damages.

33. As a direct and proximate result of Defendant's actions and inactions alleged herein, Plaintiff has sustained, and is reasonably certain to sustain in the future irreparable harm in numerous respects, including, but not limited to the following:

   a. Pecuniary and non-pecuniary losses, including, but not limited to, past and future lost wages, employment and job benefits, inconvenience;

   b. Loss of prestige among his co-workers and friends;

   c. Damages relative to embarrassment, humiliation, damage to reputation, and emotional distress;

   d. Attorney's fees and expenses in pursuing redress for the wrong he has suffered by the actions of the Defendant; and

6

  e. Permanent damage to his ability to secure employment at a level with similar and higher pay and at a level below what his experience and training should generate.

## COUNT I

## DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

34. Plaintiff restates paragraphs 1 through 33 above and incorporates them by reference as if fully restated herein.

35. This count is instituted under 42 U.S.C. §2000e-2 (a)(1) of Title VII.

36. Plaintiff is African American and at all relevant times was employed by Defendant in St. Louis City, Missouri.

37. Defendant discriminated against Plaintiff on account of his race in violation of the above stated statue by harassing and terminating Plaintiff.

38. The rationale for termination of Plaintiff was pretextual.

39. The above-described actions are discriminatory in nature and specifically designated to discriminate against Plaintiff on account of his race.

40. Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to discrimination based on race against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count I in his favor and against the Defendant and requests the following relief:

  a. Declaring all acts in violation of Title VII;

  b. Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have

      received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c. That Defendant be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d. That this Court assess punitive damages against the Defendant in such sum as will properly punish said Defendant for its conduct complained here within; and

e. That Plaintiff be awarded the costs of this litigation and his reasonable attorneys' fees.

## COUNT II

### DISCRIMINATION BASED ON RACE IN VIOLATION OF MHRA

41. Plaintiff restates paragraphs 1 through 42 above and incorporates them by reference as if fully restated herein.

42. This count is instituted under and pursuant to §213.055 (1)(a) R.S.Mo. (1999).

43. Plaintiff is African American and at all relevant times a citizen and resident of Belleville, Illinois.

44. At all relevant times, Defendant was an "employer" within the meaning set forth in Chapter 213 R.S.Mo.

45. Defendant discriminated against Plaintiff on account of his race in violation of the above stated statue by terminating Plaintiff from his position.

46. The above-described actions are discriminatory in nature and specifically designated to discriminate against Plaintiff on account of his race.

47. Plaintiff suffered damages as a result of the discrimination against him as described more fully above.

48. Defendant's treatment of Plaintiff was willful, wanton, malicious, and in conscious disregard to Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in Count II in his favor and against the Defendant and requests the following relief:

 a. Declaring all acts in violation of Title VII and the MHRA;

 b. Defendant be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

 c. That Defendant be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

 d. That this Court assess punitive damages against the Defendant in such sum as will properly punish said Defendant for its conduct complained here within; and

 e. That Plaintiff be awarded the costs of this litigation and his reasonable attorneys' fees.

## COUNT III

### RETALIATION IN VIOLATION OF TITLE VII

49. Plaintiff restates paragraphs 1 through 48 above and incorporates them by reference as if fully restated herein.

50. Defendant intentionally engaged in unlawful employment practices by discriminating against the Plaintiff based upon retaliation for having complained of racial harassment by his supervisor, that being disparate treatment, all in in violation of Title VII of the Civil Rights Act of 1964.

51. Defendant's discrimination against Plaintiff, includes, but is not limited to retaliation against Plaintiff by termination of Plaintiff following his reporting of harassment by Mr. Kisner.

52. The above-described actions are discriminatory in nature and specifically designated to harass Plaintiff.

53. Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to retaliation against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count III in his favor and against the Defendant and requests the following relief:

a. Declaring all acts in violation of Title VII;

b. Defendant be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c. That Defendant be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d. That this Court assess punitive damages against the Defendant in such sum as will properly punish said Defendant for its conduct complained here within; and

e. That Plaintiff be awarded the costs of this litigation and his reasonable attorneys' fees.

## COUNT IV

## RETALIATION IN VIOLATION OF THE MHRA

54. Plaintiff restates paragraphs 1 through 53 above and incorporates them by reference as if fully reinstated herein.

55. This count is instituted under and pursuant to §213.070(2) R.S.Mo. (2000).

56. At all relevant times, Defendant was an "employer" within the meaning set forth in Chapter 213 R.S.Mo.

57. Defendant has violated the above state statute by discriminating against Plaintiff in a way which deprived Plaintiff of employment opportunities and otherwise denied or jeopardized his status adversely as an employee because of his actions in complaining of harassment based on his race.

58. Plaintiff suffered damages as a result of the discrimination against him as described more fully above.

59. Defendant's treatment of Plaintiff was willful, wanton, malicious, and in conscious disregard to Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in Count IV in his favor and against the Defendant and requests the following relief:

    a. Declaring all acts in violation of Title VII and the MHRA;

    b. Defendant be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

    c. That Defendant be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d. That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendant for its conduct complained here within; and That Plaintiff be awarded the costs of this litigation and his reasonable attorneys' fees.

Respectfully submitted,

CLARK LAW OFFICES, LLC


/s/ William J. Clark, IV
William J. Clark
MBE #40134
1717 Park Avenue
St. Louis, MO 63104
Ph: (314) 495-8797
Fax: (866) 970-2437
Email: williamclark687@gmail.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to:

Clayco, Inc.
c/o Registered Agent
CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, MO65101


/s/ William J. Clark, IV
William J. Clark
MBE# 40134