UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAHSAAN RASHAAD GODFREY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CV-912 RLW |
| CLAYCO INC., | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Clayco, Inc.'s ("Clayco") Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (ECF No. 9). Self-represented Plaintiff Rahsaan Rashaad Godfrey ("Plaintiff") opposes the Motion and it is fully briefed.[1] For the following reasons, the Motion to Dismiss will be granted and the alternative motion for more definite statement denied as moot.

**Factual Background**

Plaintiff is an African-American man who was employed by Clayco as a Laborer from mid-2013 until December 31, 2018. Plaintiff alleges that from August 2017 to April 2018, a white Supervisor named Jimmy Kisner began to harass Plaintiff by limiting his duties and denying him opportunities, and eventually laid him off of the job site. In April 2018 and May 2018, Plaintiff worked for another supervisor at a different job site without incident. From June 2018 to July 2018 Plaintiff alleges he was harassed and threatened on the job by Mr. Kisner and Superintendent John Elizarraras (who Plaintiff identifies as "Mexican"), and was laid off for a

---

[1]Plaintiff was represented by counsel when this suit was filed and when he filed an opposition to Clayco's Motion to Dismiss. Plaintiff's attorney was later disbarred. The Court granted Plaintiff 30 days to obtain new counsel and notified him that the Court would consider Plaintiff to be self-represented for all purposes in the case if an attorney did not enter an appearance on his behalf. See Order of April 27, 2021 (ECF No. 27). No attorney has entered an appearance for Plaintiff.

short period in July 2018. Plaintiff alleges he worked without incident on three different job sites with other foremen from August 2018 to December 2018. A foreman named Ron Hummel called Plaintiff on December 31, 2018 and told Plaintiff not to return to the job site but to contact "Riding Boss" Kevin Schultze, whose job was to send Clayco employees to job sites. Plaintiff contacted Mr. Schultze, who informed Plaintiff he would try to find him work, but Plaintiff was not returned to a Clayco job.

Plaintiff filed this action against Clayco on July 12, 2020, asserting unlawful discrimination in employment based on race and retaliation. Plaintiff's Complaint (ECF No. 1) asserts that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for his claims under the Missouri Human Rights Act, §§ 213.010, et seq. ("MHRA") (ECF No. 1 at 2, ¶ 7.)

Plaintiff's Complaint asserts claims against Clayco for race discrimination in violation of Title VII (Count I) and the MHRA (Count II), and for retaliation discrimination in violation of Title VII (Count III) and the MHRA (Count IV). Attached to Plaintiff's Complaint is a Notice of Right to Sue from the Missouri Commission on Human Rights (ECF No. 1-1).

**Legal Standard**

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and construes all reasonable inferences in the light most favorable to the nonmoving party. Usenko v. MEMC LLC, 926 F.3d 468, 472 (8th Cir.), cert. denied, 140 S. Ct.

607 (2019). The Court does not, however, accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts. Waters v. Madson, 921 F.3d 725, 734 (8th Cir. 2019). The complaint must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" K.T. v. Culver-Stockton Coll., 865 F.3d 1054, 1057 (8th Cir. 2017) (alteration in original) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). A facially plausible claim is one "that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Wilson v. Ark. Dep't of Human Servs., 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation omitted). In addressing a motion to dismiss, a court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (cited case omitted).

**Discussion**

    A. Plaintiff Concedes Dismissal of His Title VII Claims is Appropriate

Clayco moves to dismiss Plaintiff's federal Title VII claims in Counts I and III on several grounds, including that Plaintiff failed to exhaust his administrative remedies under Title VII. Prior to bringing suit under Title VII, a plaintiff must first file a Charge of Discrimination with the EEOC. Fort Bend Cnty., Tex. v. Davis, 139 S. Ct. 1843, 1851 (2019). After a Charge is filed, the plaintiff must obtain a right-to-sue letter from the EEOC before bringing Title VII claims in federal court. See Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Receipt of a Right-to-Sue letter is a "condition precedent" to filing a discrimination suit. Plaintiff, through his former counsel, does not assert that he exhausted administrative remedies

and concedes that the Title VII claims in Counts I and III should be dismissed.[2] (ECF No. 20 at 3.)

The Court will therefore grant Clayco's Motion to Dismiss as to Counts I and III, without prejudice. See, e.g., Batchelder v. I.N.S., 180 F. App'x 614, 615 (8th Cir. 2006) (unpublished per curiam) (modifying dismissal for failure to exhaust administrative remedies to be without prejudice).

B. Plaintiff's MHRA Claims

Plaintiff's Complaint asserts two claims under the MHRA. In Count II, Plaintiff alleges that Clayco discriminated against Plaintiff on account of his race in violation of the MHRA by terminating Plaintiff from his position. In Count IV, Plaintiff alleges that Clayco retaliated against him because of Plaintiff's complaints of harassment based on race.

Clayco moves to dismiss Count II on the grounds that (1) Plaintiff's allegations of harassment and discrimination that occurred before December 29, 2018 are time-barred and cannot be used to state a claim for discrimination under the MHRA, and (2) Plaintiff's Complaint contains no other allegations to support a claim for discrimination under the MHRA. Clayco moves to dismiss Count IV of Plaintiff's Complaint on the ground that Plaintiff's claims have been barred by the Missouri Commission on Human Rights ("MCHR").

1. *Plaintiff's MHRA Claims Prior to December 29, 2018 are Time Barred*

As stated above, in support of Count II Plaintiff alleges that he was harassed and discriminated against based on his race from August 2017 to April 2018 and from June 2018 to July 2018. Clayco moves to dismiss these claims on the basis that Plaintiff has been barred from bringing such claims and/or relying on such allegations by the MCHR.

---

[2] The Order that granted Plaintiff 30 days to obtain new counsel also informed Plaintiff his attorney had conceded Counts I and III should be dismissed, so Plaintiff was on notice of this and had the opportunity to make additional arguments. (ECF No. 27 at 1.)

Obtaining a right-to-sue letter is a non-jurisdictional prerequisite to filing a claim under the MHRA. See Clayton v. Speed Emissions, Inc., 2012 WL 1253066, at *2 (E.D. Mo. Apr. 13, 2012) (citing cases). When the MCHR administratively closes a case before it and does not issue a right-to sue letter on a plaintiff's Charge, this forecloses the plaintiff's ability to file suit. Allen v. Family Counseling Center, 2010 WL 254925, at *2 (E.D. Mo. Jan. 19, 2010) (citing cases).

Here, Plaintiff failed to obtain a MCHR right-to-sue letter with respect to his allegations that he was harassed and discriminated against because of his race prior to December 29, 2018. Plaintiff attached a copy of the MCHR right-to-sue letter to his Complaint, but the document bars Plaintiff's claims and allegations that occurred prior to December 29, 2018, stating:

> **NO RIGHT TO SUE AS TO all Allegations occurring before December 29, 2018 BECAUSE OF LACK OF JURISDICTION**
>
> The MCHR has determined that it lacks jurisdiction over your allegations that occurred prior to December 29, 2018 because your Complaint was not filed within 180 days of the alleged discrimination as required by the Missouri Human Rights Act. Therefore, MCHR is administratively closing this case with regard to these allegations and terminating all MCHR proceedings relating to these allegations.

(ECF No. 1-1 at 1, Complaint, Ex. 1.)

In his opposition memorandum, Plaintiff states that his "reliance on events prior to December 29, 2018 were only used as background to lay the predicate that Plaintiff's eventual termination on January 2, 2019 was a pretext for race discrimination. Plaintiff has not raised any issues of harassment." (ECF No. 20 at 3.)[3]

---

[3] Plaintiff identifies January 2, 2019 as his date of termination for the first time in his opposition memorandum and attempts to add additional factual allegations to the Complaint. It is well established that a plaintiff cannot add factual allegations to the complaint by raising them in his memorandum in opposition to a motion to dismiss. Gallagher v. City of Clayton, 699 F.3d 1013, 1022 (8th Cir. 2012) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss[.]"); Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, . . . simply by raising a point in a brief.") (internal citations omitted).

As a result, Plaintiff's allegations of harassment or discrimination that occurred before December 29, 2018 are time barred and cannot be used to state a claim for discrimination under the MHRA. Clayco is entitled to dismissal of these claims.

### 2. *Plaintiff Does Not Allege Facts Sufficient to State a Claim for Race Discrimination Under the MHRA*

Clayco argues that because the majority of Plaintiff's allegations in support of his race discrimination claim are time barred and cannot be used to support such a claim, the remaining allegations set forth in the Complaint fail to state a claim for race discrimination under the MHRA.

To state a claim for race discrimination under the MHRA, Plaintiff must allege facts to support an allegation that he was discharged because of his race. Mo. Rev. Stat. §§ 213.010(2), 213.055(1)(a) (2017 Supp.). Plaintiff's race must have been the motivating factor in the decision to terminate his employment and must have had a "determinative influence on the adverse decision or action." Mo. Rev. Stat. § 213.010(19)017.

In support of his race discrimination claim, Plaintiff alleges only that his employment was terminated on account of his race. See ECF No. 1, ¶ 45. Plaintiff's Complaint is devoid of any factual allegations occurring after December 29, 2018, to support this conclusory allegation that he was terminated on account of his race. Under the MHRA, "prior acts may be used as background evidence in support of a timely claim." Tisch v. DST Sys., Inc., 368 S.W.3d 245, 254 (Mo. Ct. App. 2012) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)). The Court therefore also examines whether Plaintiff's time-barred allegations offer support for his timely termination claim.

Viewing the facts alleged in the light most favorable to Plaintiff, he alleges intermittent periods of harassment and discrimination but does not allege facts that give rise to a reasonable inference these were related to his termination. Plaintiff does not allege, for example, that the

jobsite supervisors he identifies as having harassed and discriminated against him played any role in his termination. Plaintiff also does not allege he was harassed or discriminated against in the five-month period between August 2018 and his termination, or that he worked under the supervisors who had previously harassed or discriminated against him during that time period. The time-barred allegations therefore do not provide sufficient support for Plaintiff's termination claim to allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face.

Moreover, Plaintiff fails to allege <u>any</u> facts, apart from the race of the participants, that would tend to show the harassment and discrimination he complains of was because of or motivated by his race, as opposed to personal animosity or other reasons not related to a protected category. For example, Plaintiff alleges that Mr. Kisner limited his duties, did not provide him assistance when required by OSHA, denied him overtime, and denied the same flexible leave opportunities that were provided to other employees, but he does not allege any fact to indicate that Kisner did so because of Plaintiff's race. Plaintiff also does not allege that Laborers of other races were treated differently than Plaintiff was, which would be another way to support his claim of race discrimination under the MHRA.

Plaintiff also alleges that Kisner referred to him as "Big Fella" in two social media comments, and stared at Plaintiff when he took out the trash and when Plaintiff parked. This is not evidence of racially based animus or bias. Plaintiff alleges that Mr. Elizarraras poked him in the chest in front of coworkers and told Plaintiff "he better not 'bad mouth' Mr. Kisner" to anyone else, and if he did so he would be terminated; and that Mr. Elizarraras threatened to "beat [Plaintiff's] big ass." These allegations are also not evidence of racially based animus or bias. And while Plaintiff alleges that Mr. Kisner laid him off of jobs, the Complaint also alleges

Plaintiff was laid off of jobs by supervisors for whom he worked successfully and without incident, so this allegation does not raise an inference of race discrimination.

The Court accepts all of Plaintiff's factual allegations as true and construes all reasonable inferences in the light most favorable to him, but finds Plaintiff fails to alleges sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. Plaintiff's allegations of racially discriminatory and harassing treatment, including his termination from employment, are conclusory. Plaintiff's Complaint fails to allege a single fact after December 29, 2018 to support his conclusory allegation that he was terminated based on his race, and his time-barred background allegations of harassment and discrimination are intermittent and dated, untethered to his termination, and not supported by any facts tending to show they were based on his race.

In sum, Plaintiff does not allege facts that plausibly show he was discharged because of his race, or that his race was the motivating factor in the decision to terminate his employment. As a result, Plaintiff fails to state a claim for race discrimination under the MHRA as a matter of law and Clayco's Motion to Dismiss Count II of Plaintiff's Complaint should be granted.

> 3. *Plaintiff's MHRA Retaliation Claim in Count IV Also Fails For Lack of a Right-to-Sue Letter*

In Count IV, Plaintiff alleges that he was retaliated against because of race in violation of the MHRA. (ECF No. 1, ¶¶ 54-59.) Clayco moves for dismissal of this claim because the MCHR right-to-sue letter attached to the Complaint expressly bars Plaintiff's retaliation claims. The letter states in pertinent part:

> **NO RIGHT TO SUE as to your Retaliation/Discharge Allegation**
> **BECAUSE OF LACK OF JURISDICTION**
>
> The Missouri Commission on Human Rights (MCHR) has determined that it lacks jurisdiction over your allegation of Retaliation/Discharge because you did not engage in any protected activity under the Missouri Human Rights Act prior to the alleged discrimination. Therefore, MCHR is administratively closing this case with regard to this allegation as well and terminating all MCHR proceedings relating to this allegation.

(ECF No. 1-1 at 1, Complaint, Ex. 1.)

As stated above, Plaintiff must obtain a right-to-sue letter from the MCHR as a non-jurisdictional prerequisite to filing an MHRA claim in court. Clayton, 2012 WL 1253066, at *2. When the MCHR administratively closes a case before it and does not issue a right-to sue letter on a plaintiff's Charge, this forecloses the plaintiff's ability to file suit. Allen, 2010 WL 254925, at *2. Here, because the MCHR determined that Plaintiff failed to engage in a protected activity under the MHRA and issued a "No Right to Sue" letter, Plaintiff is barred from bringing his retaliation claims under the MHRA and Count IV of Plaintiff's Complaint should be dismissed with prejudice as a matter of law. Clayco's Motion to Dismiss will be granted as to Count IV.

**Conclusion**

For the foregoing reasons, Plaintiff's federal claims under Title VII will be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's state law claims under the Missouri Human Rights Act will be dismissed for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Clayco Inc.'s Motion to Dismiss is **GRANTED** and its alternative Motion for More Definite Statement is **DENIED** as moot. (ECF No. 9)

An Order of Dismissal will accompany this Memorandum and Order.

*[Signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of July, 2021.